W. G. CLARK, SHERIFF OF CUMBERLAND COUNTY, NORTH CAROLINA; L. E. CUMBEE, JR., WILLIAM J. BARNES, ERNEST W. SHAW, LESLIE C. FLOWERS AND PERRY SMITH v. NORTH CAROLINA BOARD OF ALCOHOLIC CONTROL, W. C. COHOON, CHAIRMAN; HAROLD M. EDWARDS, MEMBER AND LAWRENCE C. ROSE, MEMBER

No. 7210SC176

(Filed 24 May 1972)

Intoxicating Liquor § 2— permit to sell fortified wine — territories which voted against sale of beer and wine

> G.S. 18A-57(b) prohibits the issuance under G.S. 18A-38(f) of permits for the sale of fortified wines in certain retail establishments in a territory having ABC stores where the electorate voted against the sale of beer and wine in the territory in a local option election held pursuant to [former] G.S. 18-124 et seq., notwithstanding at the time of the election fortified wines were sold only in ABC stores.

APPEAL by defendant from *Brewer, Judge,* 13 December 1971 Session of Superior Court, held in WAKE County.

Action for injunction to restrain defendant from issuing permits for the sale of wine in Cumberland County. Among other things, plaintiffs alleged, in substance as follows:

On 31 August 1948 an election with respect to the sale of beer and wine was held in Cumberland County pursuant to former G.S. 18-124 et seq. The majority of the voters in that election voted against the sale of beer and wine and the sale of beer and wine is therefore unlawful. Despite the vote of the people in that election, defendant has issued permits for the sale of fortified wine to numerous retail outlets in Cumberland County located out of the corporate limits of the City of Fayetteville and is about to issue others. The sale of beer and wine is lawful within the City of Fayetteville by virtue of a special election held on 4 January 1949. Alcoholic Beverage Control Stores are operated in Cumberland County.

Defendant filed a motion to dismiss on the grounds that (1) the court lacks jurisdiction over the subject matter and, (2) the complaint fails to state a claim upon which relief can be granted. The court denied defendant's motion to dismiss and directed defendant to cease and desist from issuing additional permits for the sale of wine in Cumberland County until the cause could be heard on its merits. Defendant appealed.

---

Clark v. Board of Alcoholic Control

---

*Clark, Clark, Shaw & Clark by Heman R. Clark and Williford, Person & Canady by N. H. Person for plaintiff appellees.*

*Attorney General Robert Morgan by Christine Y. Denson, Assistant Attorney General, for defendant appellant.*

VAUGHN, Judge.

Effective 1 October 1971, Chapter 18 of the General Statutes was repealed and replaced by Chapter 18A. Reference will be made to sections of former Chapter 18 without repetitiously designating them as "former" sections.

If in the election conducted in Cumberland County in 1948, the vote on the sale of wine had been favorable, the sale of wines as described in the following sections would have been lawful:

"G.S. 18-64. *Definitions.*

\*     \*     \*

(b) Unfortified wines, as used in this article, shall mean wine of an alcoholic content produced only by natural fermentation or by the addition of pure cane, beet, or dextrose sugar and having an alcoholic content of not less than five per centum (5%) and not more than fourteen per centum (14%) of absolute alcohol, the per centum of alcohol to be reckoned by volume, which wine has been approved as to identity, quality and purity by the State Board of Alcoholic Control as provided in this chapter."

\*     \*     \*

"G.S. 18-99. *Application of other laws; sale of sweet wines; licensing of wholesale distributors.* The provisions of article 3 of this chapter shall apply to fortified wines: Provided, in any county in which the operation of alcoholic beverage control stores is authorized by law, it shall be legal to sell sweet wines for consumption on the premises in hotels and restaurants which have a Grade A rating from the State Board of Health, and it shall be legal to sell said wines in drugstores and grocery stores for off premises consumption; such sales however shall be subject to the rules and regulations of the State Alcoholic Beverage Control Board. For the purpose of this section, sweet wines shall be any wine made by fermentation from grapes, fruits or berries,

to which nothing but pure brandy has been added, which brandy is made from the same type of grape, fruit or berry, which is contained in the base wine to which it is added, and having an alcoholic content of not less than fourteen per centum (14%) and not more than twenty per centum (20%) of absolute alcohol, reckoned by volume, and approved by the State Board of Alcoholic Control as to identity, quality and purity as provided in this chapter. * * * "

The vote, however, was against the sale of wine. The result of the vote against the sale of wine was that " . . . it shall be unlawful to sell or possess for the purpose of sale . . . any wine of more than three per cent (3%) of alcohol by volume. . . . " G.S. 18-126(b).

Defendant contends that, despite the results of the local option election, it may, as of the effective date of Chapter 18A, issue the permits by virtue of the following:

"G.S. 18A-38(f). In any county or municipality in which the operation of alcoholic beverage control stores is authorized by law, it shall be legal to sell fortified wines for consumption on the premises in hotels and restaurants that have a Grade A rating from the State Board of Health, and it shall be legal to sell said wines in drugstores and grocery stores for off-premises consumption; such sales, however, shall be subject to the rules and regulations of the State Alcoholic Beverage Control Board."

Plaintiffs contend that the above section cannot be held to disturb the result of the local election because Chapter 18A also contains the following:

"G.S. 18A-57(b). Nothing in this Chapter shall require a permit to be issued for any territory where the sale of malt beverages or wine (fortified or unfortified) is prohibited by special legislative act or for any area where the sale or possession for the purpose of sale of malt beverages or wine (fortified or unfortified) is unlawful as a result of a local option election; and this Chapter shall not repeal any special, public-local, or private act prohibiting or regulating the sale of these beverages in any county in this State, or any act authorizing the board of commissioners of any county of this State, or the governing body of any

municipality, in its discretion, to prohibit the sale of malt beverages or wine (fortified or unfortified)."

The thrust of defendant's argument is that under Chapter 18, "fortified" wine was treated as a liquor and could only be sold in Alcoholics Beverage Control Stores and that, since "fortified" wines came in and went out with the vote on liquor stores, G.S. 18A-57(b) does not prohibit the sale of "fortified" wine in a territory where the sale of wine is unlawful as the result of a local option election. We do not agree. The "fortified" wine referred to in that legal decoupage codified as Chapter 18 was defined in the Fortified Wine Control Act of 1941 as " . . . any wine or alcoholic beverage made by fermentation of grapes, fruit and berries and fortified by the addition of brandy or alcohol or having an alcoholic content of more than fourteen per cent of absolute alcohol, reckoned by volume . . . ." G.S. 18-96. Such "fortified" wines could only be sold in Alcoholic Beverage Control Stores. In counties where Alcohol Beverage Control Stores were authorized, "sweet" wines could be sold in certain private establishments. We have hereinbefore set out G.S. 18-99 which defined "sweet wines." Licenses for the sale of such "sweet" wines were, however, not permitted in any area where the sale of wine was unlawful as a result of a local option election.

It is to be observed that to qualify as a "sweet" wine the wine must have been fortified with pure brandy from the same type of grape, fruit or berry contained in the base wine. The required alcoholic content could not be less than 14% nor more than 20%. A "fortified" wine, on the other hand, had no restrictions on the kind of alcoholic fortification and no stated maximum limitation on the alcoholic content.

Chapter 18A redefined "fortified wine" and omits any reference to "sweet wines." In the *Report of the Alcoholic Beverage Study Commission,* p. 5 (n. 4), 1 December 1970, to the Governor and the General Assembly, it is said that the proposed act "has combined the terms 'fortified wine' and 'sweet wine' into one term." An examination of the new definition for "fortified wine" discloses little, if any, "combination" of the terms. Instead, the term "sweet wines" was removed from the statute and, as a practical matter, those wines formerly called "sweet wines" are now called "fortified wines." Compare G.S. 18A-2(2) with G.S. 18-99. Moreover, the exclusionary section relied on by plaintiffs,

G.S. 18A-57(b), specifically refers to "fortified or unfortified" wines. The comparable exclusionary section of Chapter 18, G.S. 18-139 made no reference to "fortified" wines.

For the reasons stated the Order from which defendant appealed is affirmed.

Affirmed.

Judges BROCK and HEDRICK concur.